UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY & VICINITY,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MISCH, LLC,<br><br>Defendant. | CAUSE NO.: 2:20-CV-385-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment [ECF No. 6], filed on November 30, 2020. The Plaintiff Construction Workers Pension Trust Fund Lake County & Vicinity brought this action against the Defendant Kevin Misch, LLC pursuant to Sections 502(a)(3) and (g)(2) and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(g)(2), (a)(3) and 1145.

Federal Rule of Civil Procedure 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default." *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *Id.* (quoting *In re Catt*, 368 F.3d at 793); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (stating that there is "a clear distinction between the entry of default and the entry of a default judgment"). The first step is satisfied when the clerk of court enters a party's default because it has "failed to plead or otherwise defend" and this "failure is

shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

Because there is no entry of default on the Complaint, the requirements for the entry of default judgment cannot be satisfied; the Motion is premature. Additionally, having reviewed the Affidavit for Attorney Fees that was submitted with the Motion, the Court notes that it was not accompanied by an itemized billing statement. It is the Court's policy to require an itemized billing to substantiate a claim for an award of attorney's fees.

## CONCLUSION

For the reasons stated above, the Court DENIES without prejudice the Motion for Default Judgment [ECF No. 6] and grants the Plaintiff leave to refile the motion upon first obtaining an entry of default.

SO ORDERED on December 2, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
